# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | § | |
|---|---|---|
| **CHERICE MITCHELL,** | § | Civil Action No. 6:23-cv-157 |
| *Plaintiff,* | § | |
| | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| | § | |
| **NATIONWIDE COMPLIANT, LLC** | § | **COLLECTIVE ACTION PURSUANT** |
| | § | **TO 29 U.S.C. § 216(b)** |
| *Defendant.* | § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Cherice Mitchell ("Plaintiff" or "Mitchell") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Collective Members") who worked for Nationwide Compliant, LLC ("Defendant" or "Nationwide") as Market Support Specialists, anywhere in the state of Texas, and were paid a salary but no overtime, at any time during the last three years through the final disposition of this matter, to recover all available relief, including overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"). Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2. Plaintiff and the Putative Collective Members are those persons who worked for Nationwide as Market Support Specialists, anywhere in the state of Texas, at any time during the last three years through the final disposition of this matter, and who were paid a salary but did not receive overtime compensation for all hours worked over forty (40) per workweek in violation of federal law.

3. Although Plaintiff and the Putative Collective Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. Nationwide improperly classified Plaintiff and the Putative Collective Members as exempt from overtime.

5. The decision by Nationwide not to pay overtime compensation to Plaintiff and the Putative Collective Members was neither reasonable nor in good faith.

6. Nationwide knowingly and deliberately failed to compensate Plaintiff and the Putative Collective Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7. Plaintiff and the Putative Collective Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA.

8. Nationwide knowingly and deliberately misclassified Plaintiff and the Putative Collective Members as exempt employees not entitled to overtime compensation.

9. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

10. Plaintiff Mitchell prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

11. Plaintiff Cherice Mitchell ("Mitchell") was employed by Nationwide as a Market Support Specialist from approximately February of 2022 through January of 2023. Throughout her employment with Nationwide, Plaintiff was paid a salary with no overtime compensation even though she was not exempt and regularly worked in excess of forty (40) hours each week.[1]

12. The FLSA Putative Collective Members are those current and former Market Support Specialists who were employed by Nationwide, anywhere in the state of Texas, at any time during the last three years through the final disposition of this matter, who have been subjected to the same illegal pay system under which Plaintiff Mitchell worked and was paid.

13. Defendant Nationwide Compliant, LLC ("Nationwide"), is a domestic limited liability company, licensed to do business in the State of Texas, and may be served with process through its registered agent for service of process: **CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.**

## III.
## JURISDICTION & VENUE

14. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

15. Plaintiff has entered into no arbitration agreement that would affect the Court's jurisdiction.

---

[1] The written consent of Cherice Mitchell is hereby attached as Exhibit "A."

16. This Court has specific personal jurisdiction over Defendant because Plaintiff's claims arose within this Texas District as a direct result of Defendant's conduct within this District.

17. Venue is proper pursuant to 28 U.S.C. § 1391 in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

18. Specifically, Plaintiff Mitchell worked in Bell County, Texas throughout her employment with Defendant, all of which are located in this District and Division.

## IV.
## ADDITIONAL FACTS

19. Nationwide is a Lease Compliance Management software company that provides "a streamlined and affordable way to manage Lease Compliance."[2]

20. Nationwide Compliant provides technology and service solutions for enforcing lease compliance in the multi-family industry.

21. To provide its services, Nationwide employed (and continues to employ) numerous employees—including Plaintiff and the Putative Collective Members. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the United States.

22. Plaintiff Mitchell was employed by Nationwide as a Market Support Specialist in Harker Heights, Texas from approximately February of 2022, through January of 2023.

23. Plaintiff and the Putative Collective Members' daily job duties were that of support staff and consisted of handling the case filing and dismissal process for designated jurisdictions within the State of Texas, coordinating and managing dockets, reviewing and preparing cases to be filed via third party agent (electronically or overnight courier), attending court when attending agents were

---

[2] https://nationwidecompliant.com/pricing/

unavailable, ensuring case information is accurate and complete, managing court case results, ensuring all documents are timely dropped according to company policy for delivery to agents, responding to support and clients with questions on case status and documenting in a timely manner, receiving and handling calls regarding case issues from internal teams, and alerting team members of case delays, errors, or issues.

24. Pursuant to its centralized, company-wide policy, pattern and/or practice, Nationwide has misclassified (and continues to misclassify) Plaintiff and the Putative Collective Members as exempt from receiving overtime under the FLSA.

**A. Plaintiff and the Putative Collective Members are Non-Exempt Employees**

25. Plaintiff and the Putative Collective Members are (or were) **_non-exempt_** Market Support Specialists employed by Nationwide during the relevant time-period.

26. Importantly, none of the FLSA exemptions relieving a covered employer (such as Nationwide) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective Members.

27. Moreover, Plaintiff and the Putative Collective Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Nationwide resulting in the complained of FLSA and state law violations.

28. Plaintiff and the Putative Collective Members were (and continue to be) paid a salary and no overtime compensation even though they regularly worked in excess of forty (40) hours in a week.

29. Plaintiff and the Putative Collective Members conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans devised by Nationwide.

30. Plaintiff and the Putative Collective Members all perform the same primary duties regardless of their specific job title or location.

31. They are uniformly trained by Nationwide, and all abide by the same policies and procedures, regardless of their specific job title or location.

32. Plaintiff and the Putative Collective Members did not exercise independent discretion and/or judgment on matters of significance on behalf of Nationwide.

33. Plaintiff and the Putative Collective Members did not have authority to formulate, affect, interpret, or implement management policies or operating practices of Nationwide.

34. Plaintiff and the Putative Collective Members did not have the primary duty of performing office or non-manual work directly related to the management or general business operations of Nationwide.

35. Instead, Plaintiff and the Putative Collective Members job duties wholly consisted of service production work providing the services that Nationwide offered to its customers. *See Walsh v. Unitil Service Corporation*, 57 F.4th 353 (1st Cir. 2023); *Fowler v. OSP Prevention Group, Inc.*, 38 F.4th 103, 110 (11th Cir. 2022).

36. Plaintiff and the Putative Collective Members did not customarily and regularly direct the work of two or more other full-time employees or their equivalent.

37. Plaintiff and the Putative Collective Members did not control or have authority over other employees' (or their own) work schedules.

38. Plaintiff and the Putative Collective Members did not control or have authority over other employees' (or their own) rates of compensation.

39. Plaintiff and the Putative Collective Members did not control or have authority over other employees' (or their own) changes of employment status.

40. Plaintiff and the Putative Collective Members did not have the authority to hire or fire other employees.

41. Plaintiff and the Putative Collective Members' suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

42. Plaintiff and the Putative Collective Members duties did not include the exercise of independent discretion or judgment.

43. Plaintiff and the Putative Collective Members could not deviate from Nationwide's requirements or instructions without permission.

44. Plaintiff and the Putative Collective Members did not utilize any special skills or training in the course of their work for Nationwide.

45. Plaintiff and the Putative Collective Members did not possess a specialized degree or certification that they utilized in the course of their work for Nationwide.

46. Plaintiff and the Putative Collective Members completed their work within designed parameters and in accordance with pre-determined plans created by Nationwide.

47. Plaintiff and the Putative Collective Members were not permitted to deviate from these parameters or plans and did not exercise discretion and independent judgment with respect to matters of significance.

48. Instead, Plaintiff and the Putative Collective Members performed work as support staff whose duties directly related to updating documents and ensuring Nationwide and its clients stay up to date on Nationwide's clients' cases.

49. Plaintiff and the Putative Collective Members were not exempt from the overtime requirements of the FLSA by reason of any FLSA exemption.

50. Nationwide did not perform a person-by-person analysis of the job duties of Plaintiff and the Putative Collective Members when making the decision to uniformly classify them as exempt from the overtime protections of the FLSA.

**B. Defendant's Misclassification of Plaintiff and the Putative Collective Members as Exempt Violated the FLSA.**

51. Plaintiff Mitchell was scheduled to (and did) work Monday through Friday 9:00 am to 5:00 pm.

52. In addition to her scheduled forty (40) hours, Plaintiff Mitchell was required to perform additional work.

53. Specifically, Plaintiff Mitchell was regularly required by Nationwide to come in at 6:30 a.m. to complete additional assigned duties.

54. Plaintiff Mitchell would also regularly perform work duties after her shift ended at 5:00 pm.

55. Nationwide knew that Plaintiff Mitchell was regularly working both before and after her regularly scheduled shift.

56. Nationwide failed to maintain accurate recordkeeping of Plaintiff Mitchell's hours worked and failed to pay Plaintiff Mitchell overtime compensation at the rates required by the FLSA.

57. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

58. Plaintiff and the Putative Collective Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

59. Nationwide denied Plaintiff and the Putative Collective Members overtime pay as a result of a widely applicable, illegal pay practice.

60. Plaintiff and the Putative Collective Members are non-exempt employees under the FLSA.

61. Although it is well-known that employees like Plaintiff and the Putative Collective Members are ***not*** exempt from overtime, Nationwide did not pay Plaintiff and the Putative Collective Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

62. Because Nationwide did not pay Plaintiff and the Putative Collective Members time and a half for all hours worked in excess of forty (40) in a workweek, Nationwide's pay policies and practices violate the FLSA.

## V.
## CAUSE OF ACTION
### (Collective Action Alleging FLSA Violations)

**A.  FLSA COVERAGE**

63. All previous paragraphs are incorporated as though fully set forth herein.

64. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER MARKET SUPPORT SPECIALISTS WHO WERE EMPLOYED BY NATIONWIDE COMPLIANT, LLC, ANYWHERE IN TEXAS, AT ANY TIME FROM FEBRUARY 28, 2020, THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

65. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been employees within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

66. At all times hereinafter mentioned, Nationwide has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

67. At all times hereinafter mentioned, Nationwide has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely

related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

68. Specifically, Nationwide operates on numerous office sites across the United States, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

69. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Nationwide, these individuals have provided services for Nationwide that involved interstate commerce for purposes of the FLSA.

70. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

71. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of Nationwide who assisted Nationwide's customers. 29 U.S.C. § 203(j).

72. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

73. The proposed class of similarly situated employees, i.e., Putative Collective Members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 64.

74. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Nationwide.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

75. Nationwide has violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

76. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Nationwide's acts or omissions as described herein; though Nationwide is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

77. Moreover, Nationwide knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

78. Nationwide knew or should have known their pay practices were in violation of the FLSA.

79. Nationwide a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

80. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Nationwide to pay overtime according to the law.

81. The decision and practice by Nationwide to not pay overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

82. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA

in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

83. All previous paragraphs are incorporated as though fully set forth herein.

84. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Nationwide's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

85. Other similarly situated employees of Nationwide have been victimized by Nationwide's patterns, practices, and policies, which are in willful violation of the FLSA.

86. The FLSA Collective Members are defined in Paragraph 64..

87. Nationwide's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA results from generally applicable policies and practices of Nationwide and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

88. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

89. Minor variations in Plaintiff and the Putative Collective Members' precise job requirements do not prevent collective treatment.

90. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid overtime for all hours worked in excess of forty (40) hours per workweek.

91. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

92. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Nationwide will retain the proceeds of its violations.

93. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

94. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 64 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

95. Plaintiff respectfully prays for judgment against Nationwide as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 64 and requiring Nationwide to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to Section 16(b) of the FLSA finding Nationwide liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    d. For an Order awarding costs and expenses of this action;

    e. For an Order awarding attorneys' fees;

    f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    g. For an Order awarding Plaintiff Mitchell a service award as permitted by law;

h. For an Order compelling the accounting of the books and records of Nationwide, at Nationwide's own expense; and

i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: February 28, 2023             Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:   /s/ *Clif Alexander*
     **Clif Alexander**
     Texas Bar No. 24064805
     clif@a2xlaw.com
     **Austin W. Anderson**
     Texas Bar No. 24045189
     austin@a2xlaw.com
     **Blayne Fisher**
     Texas Bar No. 24090099
     blayne@a2xlaw.com
     101 N. Shoreline Blvd., Suite 610
     Corpus Christi, Texas 78401
     Telephone: (361) 452-1279
     Facsimile: (361) 452-1284

*Counsel for Plaintiff and the Putative Collective Members*